1184

UNITED STATES of America, Appellee,

v.

William A. DAY, a/k/a William Arthur
Day, a/k/a William Day, a/k/a Bill A.
Day, a/k/a Bill Day, and Helen L. Day,
husband and wife, Appellants,

Henry W. Richardson and Barbara L.
Richardson, husband and wife; Rich-
ard Oil Company; Yorkshire, Inc.; U.S.
Department of Agriculture, on behalf
of Commodity Credit Corporation and
Decatur County A.S.C. Committee; U.S.
Department of Agriculture; Farmers
Home Administration; and Decatur
County, Iowa.

No. 88–1334.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 22, 1988.

Decided Sept. 22, 1988.

Rehearing Denied Nov. 7, 1988.

Alfredo Parrish, Des Moines, Iowa, for
appellants.

Robert C. Dopf, Asst. U.S. Atty., Des
Moines, Iowa, for appellee.

Before ARNOLD, FAGG and
WOLLMAN, Circuit Judges.

PER CURIAM.

William A. Day and Helen L. Day appeal
from a district court order granting sum-
mary judgment to the government in a
foreclosure action. We affirm.

The Small Business Administration
(SBA) loaned money to the Days under the
disaster loan program. 15 U.S.C. § 636(b).
In exchange, the Days signed a promissory
note and mortgaged their farmland as se-
curity for the loan.

The Days were late with their 1980 and
1981 payments. They obtained the SBA's
consent to defer the 1982 payment. After
the Days failed to make the deferred pay-
ment, the SBA began foreclosure proceed-
ings in the district court. The court grant-
ed the SBA's motion for summary judg-
ment.

On appeal, the Days claim the SBA
abused its discretion when it failed to allow
them additional forbearance. We disagree.

Under the disaster loan program, the
SBA has discretion to defer loan obli-

gations. 15 U.S.C. § 634(e); *see also United States v. Don B. Hart Equity Pure Trust,* 818 F.2d 1246, 1251–52 (5th Cir. 1987). Here, the Days admit the SBA accepted two late payments and deferred a third payment for ten months. The Days also admit the SBA notified them of their default on the deferred payment, but refrained from foreclosing for another nine months. In addition, the record shows the SBA considered the Days' financial situation before foreclosing on the loan. Under these circumstances, the SBA cannot be said to have abused its discretion.

We affirm.