857 F.2d 1184
 UNITED STATES of America, Appellee,
v.
William A. DAY, a/k/a William Arthur Day, a/k/a William Day,
a/k/a Bill A. Day, a/k/a Bill Day, and Helen L.
Day, husband and wife, Appellants,
Henry W. Richardson and Barbara L. Richardson, husband and
wife; Richard Oil Company; Yorkshire, Inc.; U.S.
Department of Agriculture, on behalf of Commodity Credit
Corporation and Decatur County A.S.C. Committee; U.S.
Department of Agriculture; Farmers Home Administration;
and Decatur County, Iowa.
 No. 88-1334.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 22, 1988.
Decided Sept. 22, 1988.
Rehearing Denied Nov. 7, 1988.
 
 Alfredo Parrish, Des Moines, Iowa, for appellants.
 Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.
 Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William A. Day and Helen L. Day appeal from a district court order granting summary judgment to the government in a foreclosure action. We affirm.
 
 
 2
 The Small Business Administration (SBA) loaned money to the Days under the disaster loan program. 15 U.S.C. Sec. 636(b). In exchange, the Days signed a promissory note and mortgaged their farmland as security for the loan.
 
 
 3
 The Days were late with their 1980 and 1981 payments. They obtained the SBA's consent to defer the 1982 payment. After the Days failed to make the deferred payment, the SBA began foreclosure proceedings in the district court. The court granted the SBA's motion for summary judgment.
 
 
 4
 On appeal, the Days claim the SBA abused its discretion when it failed to allow them additional forbearance. We disagree.
 
 
 5
 Under the disaster loan program, the SBA has discretion to defer loan obligations. 15 U.S.C. Sec. 634(e); see also United States v. Don B. Hart Equity Pure Trust, 818 F.2d 1246, 1251-52 (5th Cir.1987). Here, the Days admit the SBA accepted two late payments and deferred a third payment for ten months. The Days also admit the SBA notified them of their default on the deferred payment, but refrained from foreclosing for another nine months. In addition, the record shows the SBA considered the Days' financial situation before foreclosing on the loan. Under these circumstances, the SBA cannot be said to have abused its discretion.
 
 
 6
 We affirm.